**Honor V. BOWLER, Plaintiff,**

v.

**FIREMAN'S FUND AMERICAN INSURANCE COMPANY, a foreign corporation, Defendant.**

**No. 82 C 5988.**

United States District Court, N.D. Illinois, E.D.

March 21, 1983.

Bruce M. Wolf, Holstein, Mack & Associates, Chicago, Ill., for plaintiff.

N. Douglas Martin, Jr., Novato, Cal., James A. Burstein, Mary L. Casey, Chadwell & Kayser, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the Court is the motion of Defendant Fireman's Fund American Insurance Company to Reconsider and Review the March 14, 1983 ruling of Magistrate Carl Sussman denying defendant's Motion to Dismiss. For the reasons stated herein, the Motion to Reconsider is denied and the ruling of the Magistrate is *Affirmed.*

The facts alleged in the instant case reveal that the plaintiff was injured while acting within the scope of her employment with the defendant. Following the injury, plaintiff informed defendant's Workers' Compensation adjuster that she expected defendant to pay all medical bills and that she expected to receive any and all compensation owed as a result of the injury. Roughly one month later defendant terminated plaintiff's employment. Thereafter, plaintiff filed a claim for Workers' Compensation.

A reasonable reading of plaintiff's complaint reveals the essence of her claim to be that her being terminated was a retaliatory discharge for her stating her intent to fully pursue all compensation available as a result of the injury. Defendants argue, however, that no retaliatory discharge claim could here be stated as the plaintiff had not actually filed a Workers' Compensation claim subsequent to her being terminated.

The tort of retaliatory discharge was initially recognized in Illinois in *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978). While the facts of the case did find the plaintiff to have been terminated after filing a compensation claim, the Court did not expressly limit the tort to such a scenario. Instead, the Court recognized that public policy was the cornerstone for allowing the cause of action. In *Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981), the Illinois Supreme Court expressly expanded the action of retaliatory discharge to all terminations contrary to public policy. *Id.* 52 Ill.Dec. at 18, 421 N.E.2d at 881. The Court is of the opinion that the mandate of *Palmateer* extends to the case at bar.

Where an action, such as retaliatory discharge, is rooted in public policy, it would be unconscionable to limit such an action to a highly technical format such as that suggested by the defendant. If the Court were to disallow a claim for retaliatory discharge merely because the injured employee had not yet filed a Workers' Compensation claim at the time of the discharge, the public policy would be disserved. No substantive distinction, save for happenstance, separates circumstances in which an employee is terminated after the filing of a compensation claim and those in which the firing predates the filing. For this reason, the Court must decline reconsideration and review of the determination of the Magistrate in the case at bar.

The Motion to Reconsider and Review the Decision of the Magistrate is hereby denied and the decision of the Magistrate is Affirmed.

IT IS SO ORDERED.